IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TONYA MCNEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-746-ECM |
| | ) | |
| CIRCLE K, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

## I.  INTRODUCTION

This Court previously dismissed this case because the Plaintiff failed to comply with multiple Court Orders. (Docs. 20, 21).  When the Court ultimately reopened the case at the Plaintiff's request, the Court cautioned her that the Court "expects her to timely comply with all Court Orders going forward," and that "her failure to do so may result in the dismissal of this case." (Doc. 27 at 1 (emphasis omitted)).  Notwithstanding the Court's warning, the Plaintiff has once again failed to comply with an Order of this Court.  Thus, as explained further below, the Court concludes that this case is due to be dismissed without prejudice.

## II.  LEGAL STANDARD

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  The court may dismiss an action if the plaintiff

fails to comply with a court order, both pursuant to its inherent authority and Federal Rule of Civil Procedure 41(b). *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017) (inherent authority); *Equity Lifestyle Props.*, 556 F.3d at 1240 (Rule 41(b)). "While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

### III.  BACKGROUND

The Plaintiff, who is proceeding *pro se*, originally brought this employment discrimination in state court; the Defendants removed it to this Court on November 20, 2024, (*see* doc. 1).  On August 15, 2025, this Court entered an Order adopting the Magistrate Judge's Recommendation and granting Defendant Circle K's motion to compel arbitration. (Doc. 12).  The Court also ordered the Plaintiff to commence arbitration proceedings on or before September 15, 2025. (*Id.* at 1).  Additionally, the Court ordered the parties to file joint status reports informing the Court of the status of arbitration every ninety days, on or before the fifth day of each month, beginning on January 1, 2026. (*Id.*). Thus, the parties' first joint status report was due on or before January 5, 2026.

On January 5, 2026, the Defendants filed a status report informing the Court that although they attempted to confer with the Plaintiff about filing a joint status report, the Plaintiff did not respond. (Doc. 13).  Thus, it appeared to the Court that the Plaintiff failed to comply with the Court's Order for the parties to file a joint status report by January 5, 2026, because she failed to participate in the filing of the status report. (*See* doc. 12 at 1).

2

Additionally, the Defendants informed the Court that, to their knowledge, the Plaintiff had not yet commenced arbitration proceedings. (Doc. 13 at 1).

On January 9, 2026, this Court entered an Order requiring the Plaintiff to, on or before January 23, 2026, (1) show cause in writing why she failed to comply with the Court's Order for the parties to file a joint status report by January 5, 2026; and (2) inform the Court whether she has commenced arbitration proceedings, and if so, when she did so. (Doc. 14).  The Plaintiff filed a response (doc. 15) in which she explained that she attempted to respond to defense counsel's email about the joint status report.[1]  However, the Plaintiff's response was silent as to whether she had commenced arbitration proceedings, and if so, when she did so.  Thus, the Plaintiff failed to comply with the Court's January 9 Order.

On January 26, 2026, the Court entered an Order requiring the Plaintiff to, on or before February 9, 2026, (1) show cause in writing why she failed to comply with the Court's Order (doc. 14) to inform the Court whether she has commenced arbitration proceedings; and (2) inform the Court whether she has commenced arbitration proceedings; if so, when she did so; and what specific steps she has taken to commence the arbitration proceedings. (Doc. 18).  The Plaintiff was cautioned that additional failures to comply with the Court's Orders may result in the dismissal of this case without further notice. (*Id.* at 2). The record appeared to show that the Plaintiff received the Court's Order on January 29,

---

[1] It appears from the Plaintiff's email (doc. 15-1) that there was an error in the spelling of defense counsel's email address.  As a result, defense counsel may not have received the Plaintiff's email, which would explain why defense counsel indicated that they had not received a response from the Plaintiff about the joint status report (*see* doc. 13).

2026. (Doc. 19 (return receipt card with signature)). However, the Plaintiff did not timely respond. Therefore, on April 3, 2026, the Court dismissed this case without prejudice for the Plaintiff's failure to comply with the Orders of this Court.

Thereafter, the Plaintiff filed a motion to set aside the dismissal (doc. 23), which the Court set for an in-person hearing. At the May 21, 2026 hearing, the Plaintiff represented to the Court that she had not been receiving all of her mail, both from the Court and from other senders. She further represented that she did not always receive the Court's Orders in the mail, and that on more than one occasion, she only learned about a Court Order after calling the Clerk's Office. More specifically, she represented that she did not receive the Court's January 26, 2026 Order, (doc. 18), and that she did not sign the return receipt card, (doc. 19). She also explained that, while she had initiated arbitration proceedings with the American Arbitration Association ("AAA"), she did not move forward with the arbitration because she could not afford to pay the AAA's fee.

The Court concluded that the Plaintiff had shown excusable neglect and/or mistake pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure and reopened the case. (Doc. 27). As indicated above, the Court cautioned the Plaintiff both at the in-person hearing and in a written order that the Court "expects [the Plaintiff] to timely comply with all Court Orders going forward, and her failure to do so may result in the dismissal of this case." (*Id.* (emphasis omitted)). Additionally, the record reflects that after the in-person hearing, the Plaintiff enrolled in the Court's electronic noticing system for *pro se* parties and thus has been receiving the Court's Orders via email.

On July 7, 2026, the Court ordered the Plaintiff to initiate arbitration proceedings with the AAA and for the Defendants to pay the AAA's fee for initiating arbitration proceedings, based on the Defendant's agreement to do so. (Doc. 31). The Court further ordered the Defendants to file a status report on or before July 8, 2026, informing the Court whether the Plaintiff initiated arbitration proceedings. (*Id.*). In its July 8, 2026 status report, the Defendants informed the Court that, to their knowledge, the Plaintiff had not initiated arbitration proceedings. (Doc. 32). The Court then ordered the Plaintiff to file, on or before July 23, 2026, a notice with supporting documentation showing when she initiated arbitration proceedings with the AAA. (Doc. 33). The July 23, 2026 deadline has passed, and the Plaintiff has not responded.

## IV.  DISCUSSION

Based on the litigation history set forth above, the Court finds that the Plaintiff has failed to comply with Court Orders and has failed to adequately prosecute this case. First, she did not comply with the Court's January 9 Order to the extent that her response, (doc. 15), was silent as to whether she had commenced arbitration proceedings, and if so, when she did so. Second, she failed to comply with the Court's January 26, 2026 Order because she failed to respond by February 9, 2026. Although the Court takes the Plaintiff at her word that she did not receive the January 26 Order in the mail, the Plaintiff nonetheless had an independent obligation to monitor the docket in her case; therefore, this instance of failure to comply with a court order is relevant to the Court's consideration. On April 3, 2026, the Court dismissed this case based on the Plaintiff's failure to comply with Court Orders. (Doc. 20). When the Court reopened the case at the Plaintiff's request, the Court

cautioned her both in person and in writing that future failures to comply with the Court's Orders may result in the dismissal of this case.  Additionally, the Defendants agreed to pay the AAA's fee for initiating arbitration proceedings, which the Plaintiff had claimed was a significant impediment to her pursuing arbitration.  Nonetheless, the Plaintiff has yet again failed to comply with a Court Order—specifically, the Court's July 9, 2026 Order that she file, on or before July 23, 2026, a notice showing when she initiated arbitration proceedings with the AAA.  Moreover, the record lacks any indication that she has initiated arbitration proceedings, despite the fact that the Court first ordered her to do so nearly one year ago. (*See* doc. 12).  Therefore, because the Plaintiff has failed to comply with multiple Court Orders, and pursuant to the Court's inherent authority to manage its own docket, the Court concludes that dismissal of this action without prejudice is warranted.

## V.  CONCLUSION

Accordingly, for the reasons stated, it is

ORDERED that this case is DISMISSED without prejudice for the Plaintiff's failure to comply with Court Orders.  It is further

ORDERED that all pending motions are DENIED as moot, and all pending deadlines are TERMINATED.

A separate Final Judgment will be entered.

DONE this 4th day of August, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE

6